IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RYAN DAVIDSON, an individual, dba THE LIBERTY LOBBY OF IDAHO, and THE LIBERTY LOBBY OF IDAHO, an unincorporated association<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HEATHER DAWSON, in her official capacity as THE HAILEY CITY CLERK<br><br>　　　　　Defendant. | Case No. CV-04-612-S-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

This case arises under 42 U.S.C. §§ 1983 and 1988. Plaintiffs, Ryan Davidson and The Liberty Lobby of Idaho ("Liberty Lobby"), allege that the enforcement of Hailey City Code §1.16.060, violated their First and Fourteenth Amendment rights under the United States Constitution. The Court has before it Defendant's motion to dismiss the Liberty Lobby (Docket No. 11), Plaintiffs' Motion for Sanctions (Docket No. 15), and Plaintiffs' Request for Default Judgment (Docket No. 25). The Court has reviewed the record and has considered

the parties' briefings.  For the reasons expressed, the Court will grant Defendant's motion to dismiss Liberty Lobby and deny all other motions.

## BACKGROUND

Ryan Davidson is the chairman of Liberty Lobby, a non-membership, unincorporated association.  The association was organized for the purpose of advancing its supporters' goals through activities such as lobbying the state legislature and engaging in the ballot initiative process.  Liberty Lobby is composed of Idaho residents, some of whom are registered voters.  These individuals financially support the association and attend political activities organized by the association.   Mr. Davidson also conducts business under the name, "Liberty Lobby of  Idaho."

In July, 2004, Mr. Davidson personally received a grant from the Marijuana Policy Project ("MPP"), a  political organization based in Washington  D.C.  The grant totaled $60,000.00, and was to be awarded incrementally as Mr. Davidson achieved specific benchmarks.  Under this arrangement, Mr. Davidson was required to place a particular initiative on the November 2004 ballot in Hailey, Idaho.  In August of 2004, Mr. Davidson collected at least 20 signatures for the proposed ballot initiative.  On or about, August 25, 2004, he submitted the signatures to the Hailey City Clerk, Heather Dawson, in order to have the petition

certified for circulation.  Ms. Dawson rejected the petition, because Mr. Davidson was not a resident of Hailey, as required by Hailey City Code §1.16.060.  The ordinance states in pertinent part, "Any person who circulates any petition for an initiative or referendum shall be a resident of the City of Hailey and at least eighteen years of age."  Mr. Davidson was, therefore, unable to get the initiative on the ballot in Hailey.  As a result, MPP terminated the grant. At that time, Mr. Davidson had received $16,000.

On December 9, 2004,  Mr. Davidson  filed this action, seeking monetary damages for the unpaid balance of the grant award.  Additionally, Mr. Davidson and Liberty Lobby seek declaratory relief as to the constitutionality of Hailey City Code §1.16.060, and request an injunction against future enforcement of the ordinance.  Ms. Dawson filed this motion to dismiss on February 7, 2005.  Plaintiffs filed a motion for sanctions on February 27, 2005, and a motion for default judgment on May 15, 2005.

## DISCUSSION

Ms. Dawson, in her official capacity as the Hailey City Clerk, has moved to dismiss Liberty Lobby from this action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), claiming that the Court lacks subject matter jurisdiction over Liberty Lobby's claims.  Ms. Dawson argues that the Court must dismiss Liberty

Lobby because it does not have standing to bring this claim.  Additionally, Ms. Dawson argues that Liberty Lobby has impermissibly filed its claims in federal court without the representation of an attorney.

## Defendant's Motion to Dismiss

When the Court considers a motion to dismiss, it must accept as true all material allegations of the complaint and must construe the complaint in favor of the plaintiff.  *Warth v. Seldin*, 422 U.S. 490, 501 (1975).   Generally, the court will not consider any materials beyond the pleadings when the motion to dismiss has been made pursuant to Rule 12(b)(6).  *Hal Roach Studios, Inc. v. Richard Feiner &Co.,* 896 F.2d 842, 1542, 1555 n. 19 (9th Cir. 1990).  However, the court may consider documents, that underlie the complaint and whose authenticity is not challenged, to be part of the complaint. *Hal Roach Studios, Inc.,* 896 F.2d at 1555 n. 19.

Ms. Dawson has argued that Liberty Lobby does not have standing to be a party to this action.[1]  Standing will be found if the plaintiff "has alleged such a personal stake in the outcome of the controversy as to warrant the invocation of

---

[1] Defendant also correctly states that the Court may dismiss Liberty Lobby because it is improperly represented by Mr. Davidson, a *pro se* litigant.  Liberty Lobby is advised that it must be represented by legal counsel if it wishes to bring a claim in this court.  *See Church of the New Testament v. United States*, 783 F.2d 771, 773-74 (9th Cir. 1986)(The Ninth Circuit requires corporations, partnerships and other unincorporated entities to appear through an attorney).

federal-court jurisdiction and to justify the exercise of the court's remedial powers on his behalf." *Washington Legal Foundation v. Legal Foundation of Washington*, 271 F.3d 835, 847 (9th Cir. 2001)(quoting *Warth*, 422 U.S. at 498-99).

The minimum requirements for establishing standing are: (1) the plaintiff has suffered an injury in fact, meaning that the injury to a legally protected right is (a) concrete and particularized and (b) actual or imminent; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it must be likely that the injury will be redressed by a favorable decision by the court. *Washington Legal Foundation*, 271 F.3d at 847 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).

A separate test determines whether an association has standing. *Friends of Potter Marsh v. Peters*, No. A04-0171 CV (RRB), 2005 WL 1283664, at *8 (D. Alaska 2005, May 27, 2005)(citing *Harris v. Board of Supervisors*, 366 F.3d 754, 761 (9th Cir. 2004)). An association must demonstrate that: (1) its individual members would otherwise have standing to sue in their own right; (2) the interests it seeks to protect are germane to the organization's purpose; and (3) neither the claim asserted nor the relief requested requires participation of individual members in the lawsuit. *United Food and Commercial Worker's Union Local 751 v. Brown*

*Memorandum Decision and Order Page 5*

*Group, Inc.*, 517 U.S. 544, 553 (1996).

Ms. Dawson concedes that Liberty Lobby meets the second and third criteria of the associational standing test. However, she contends that Liberty Lobby fails to meet the first element because it has "supporters" instead of "official members."

A non-member association may have representational standing if it is the functional equivalent of a membership organization. *Hunt v. Washington State Apple Advertisers Comm'n.*, 432 U.S. 333, 344-45 (1977). In *Hunt*, the Court determined that a non-membership trade association, had standing to represent the interests of Washington apple growers and dealers. *Hunt*, 432 U.S. at 344-45. While the association did not have a traditional membership structure, it did bear "the indicia of membership," because the apple growers exercised control over the organization by electing, serving on, and financing the Commission. *Id; see also Pacific Legal Foundation v. Watt*, 529 F. Supp. 982, 993 (D. Mont. 1981)(A non-membership organization that did not possess the *Hunt* indicia of membership did not have standing to represent its "supporters.")

As a complainant in this action, Liberty Lobby bears the burden of proving that it has standing to litigate this matter on behalf of its members. *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975). Mr. Davidson has failed to established that the "indicia of membership" is present in the institutional structure of Liberty

*Memorandum Decision and Order Page 6*

Lobby.  Therefore, Liberty Lobby lacks standing and the Court will it as a litigant in this action.

### Plaintiffs' Motion for Sanctions

Plaintiffs have moved for sanctions under Rule 11(b), claiming that Ms. Dawson's counsel has acted in bad faith by filing frivolous motions in an attempt "to manipulate filing deadlines," and to obtain additional time for answering the Complaint.  Rule 11 obligates an attorney to certify that he or she has conducted a reasonable inquiry and that any papers filed with the court are well grounded in fact, legally sound, and "not interposed for any improper purpose."  *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 393 (1990).  Sanctions will be imposed if the court finds that an attorney's attestation is not credible in light of the surrounding circumstances, judged by an objectively reasonable standard.  *Hartmax Corp.*, 496 U.S. at 401-02.

Plaintiffs cite *Resolution Trust Corp. v. Ruggerio*, 994 F.2d 1221 (7th Cir. 1993) in support of the proposition that a party may not file frivolous motions in order to evade the consequences of having missed a pleading deadline.  The Court does not dispute this point.  In *Ruggerio,* the defendant filed a flurry of "procedural nonsense," including a motion to dismiss, after the response deadline had passed. *Id.* at 1224.   However, the *Ruggerio* case presents an extreme set of facts that is

*Memorandum Decision and Order Page 7*

not instructive here.

Mr. Davidson provides no information from which the Court could objectively conclude that Ms. Dawson's attorney filed frivolous motions or made false attestations. Contrary to Mr. Davidson's assertion, filing two motions on the last permissible day does not constitute a sanctionable pattern of dilatory tactics. Likewise, limiting a motion to dismiss to the information provided in the complaint does not demonstrate that the motion could have been filed without requesting an extension of time; it merely reflects compliance with Rule 12(b)(6). Therefore, the motion for sanctions will be denied.

## Plaintiffs' Motion for Default Judgment

Mr. Davidson and Liberty Lobby have asserted that they are entitled to a default judgment under Rule 55(b)(2), because Ms. Dawson failed to answer the Complaint on or before February 7, 2005, when the response was due. However, Rule 55(a) provides that the Court may only enter a default judgment against a respondent "who fails to plead or otherwise *defend*" an action. When a party files a timely motion to dismiss under Rule 12(b), the time allowed for filing an answer to the complaint is tolled. Fed. R. Civ. P. 12(a)(4)(a responsive pleading shall be served within ten days after notice of the court's denial of a motion). Accordingly, Plaintiff is not entitled to a default judgment.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED, that Defendant's Motion to Dismiss Liberty Lobby from this action (Docket No. 11) is hereby GRANTED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Sanctions (Docket No. 15) is hereby DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Request for Default Judgment (Docket No. 25) is hereby DENIED.

DATED: **June 22, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court